WO                                                                                                    SH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Luis Tapia Fierro, | No. CV 19-03096-PHX-JAT |
| Plaintiff, | |
| v. | **ORDER** |
| Leon N. Wilmot, | |
| Defendant. | |

Plaintiff Jose Luis Tapia Fierro, who is currently confined in the Arizona State Prison Complex-Florence, brought this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1.) Before the Court are Plaintiff's Motion/Ruling for a Typewriter (Doc. 34) and Motion for Ruling (Doc. 35), which the Court construes as requests for injunctive relief. The Court will deny Plaintiff's Motions.

**I.    Background**

In his three-count Complaint, Plaintiff sues Yuma County Sheriff Leon Wilmot. (Doc. 1.) In Counts One and Two, Plaintiff asserts Fourth and Fifth Amendment claims based on his alleged illegal detention at the Yuma County Jail. (*Id.*) In Count Three, Plaintiff claims that Defendant detained him without a signed arrest warrant in violation of "an Injunction Judgment." (*Id.*) On screening under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated a Fourth Amendment illegal seizure claim against Defendant in his personal capacity and directed Defendant to answer that claim. (Doc. 9

at 3–4.)  The Court dismissed Plaintiff's Fifth Amendment and injunction judgment violation claims.  (*Id.* at 5.)

Defendant subsequently moved for summary judgment (Docs. 17, 19), and the Court granted summary judgment as to the portion of Plaintiff's Fourth Amendment claim regarding his April 4, 2017 detention and denied summary judgment as to the portion of Plaintiff's Fourth Amendment claim regarding his continued detention on May 26, 2017 after he posted bond.  (Doc. 26.)

A settlement conference was conducted on September 2, 2020, but the parties were unable to reach a settlement, and the case was set for trial.  (Doc. 31.)

## II.   Preliminary Injunction Standard

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right").  A plaintiff seeking a preliminary injunction must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest.  *Winter*, 555 U.S. at 20.  "But if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied."  *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).  Under this serious questions variant of the *Winter* test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another."  *Lopez*, 680 F.3d at 1072.

Regardless of which standard applies, the movant "has the burden of proof on each element of the test."  *See Envtl. Council of Sacramento v. Slater,* 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).  Further, there is a heightened burden where a plaintiff seeks a mandatory preliminary injunction, which should not be granted "unless the facts and law clearly favor the plaintiff."  *Comm. of Cent. Am. Refugees v. INS*, 795 F.2d 1434, 1441 (9th Cir. 1986) (citation omitted).

The Prison Litigation Reform Act imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials and requires that any injunctive relief be narrowly drawn and the least intrusive means necessary to correct the harm.  18 U.S.C. § 3626(a)(2); *see Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

**III.     Plaintiff's Motions**

In his Motions, Plaintiff asks the Court to order the Arizona Department of Corrections to provide him with a word processor or a typewriter so that he can comply with the pretrial deadlines the Court set in its September 22, 2020 Order (Doc. 33). (Docs. 34, 35.)

Plaintiff does not address any of the *Winter* factors required for obtaining preliminary injunctive relief.  Nor does he provide any sworn affidavits or other admissible evidence to support his Motions.  A motion for preliminary injunction, including the likelihood of irreparable injury, must be supported by "[e]vidence that goes beyond the unverified allegations of the pleadings."  *Fidelity Nat' l Title Ins. Co. v. Castle*, C 11-0896 SI, 2011 WL 5882878, at *3 (N.D. Cal. 2011) (internal citation omitted).  Affidavits are appropriate on a motion for a preliminary injunction if they are based on personal knowledge and "state the facts supporting the litigant's position clearly and specifically." 11A Charles A. Wright, Arthur K. Miller & Mary K. Kane, Federal Practice and Procedure § 2949 at 216-217 (2d ed. 1995); *see Ross-Whitney Corp. v. Smith Kline & French Labs.*, 207 F.2d 190, 198 (9th Cir. 1953) (a preliminary injunction may be granted on affidavits). Plaintiff fails to explain why he needs a typewriter, and a review of the documents Plaintiff

1 has filed so far in this case, including the instant Motions, shows that his handwriting his
2 neat and clearly legible. Accordingly, the Court will deny Plaintiff's requests for injunctive
3 relief.

**IT IS ORDERED** that Plaintiff's Motion/Ruling for a Typewriter (Doc. 34) and Motion for Ruling (Doc. 35) are **denied**.

Dated this 18th day of November, 2020.

James A. Teilborg
Senior United States District Judge