**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Luis Tapia Fierro, | No. CV-19-03096-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Leon N Wilmot, | |
| Defendant. | |

On September 22, 2020, the Court ordered the parties to file a joint proposed final pretrial order by December 7, 2020. (Doc. 33 at 1). Plaintiff filed his own version of this document. (Doc. 37). Defendant filed a version that is signed (electronically) by both parties, and purports to be joint. (Doc. 38). The "joint" version includes information from both Plaintiff and Defendant. The Court accepts Defendant's representation that this is a joint submission.

While the Court has not done a line by line comparison of the two final-pretrial-order documents, the Court has noted one significant different. Plaintiff's document claims there will be a jury trial in this case. (Doc. 37 at 9). Defendant's joint document states that neither party demanded a jury. (Doc. 38-1 at 9). The Court has reviewed the record and cannot locate any place where Plaintiff demanded a jury. Thus, the Court finds that Plaintiff has not demanded a jury and the deadline to do so has expired.

The Court notes that in the Answer Defendant stated in the prayer for relief, "That this matter be set for Jury Trial." (Doc. 12 at 5). In this circuit, that may have been adequate

to demand a jury.  *See Lutz v. Glendale Union High Sch.,* 403 F.3d 1061, 1064-65 (9th Cir. 2005) ("Her complaint did not explicitly demand that her case be tried to a jury. However, in her prayer for relief, she requested that the court '[e]nter a Judgment in favor of Plaintiff for such back pay and value of lost employment benefits as may be found by a jury'. She also requested compensatory damages for pain and suffering in 'such amount as may be awarded by a jury'…. We [] hold that her requests were sufficient to 'demand a trial by jury" on these issues.'" (emphasis omitted)).  However, Defendant signed the final pretrial order stating that he did not demand a jury and the Court accepts that representation.[1]

Thus, the Court concludes that neither party demanded a jury and this case will be a bench trial. To that end, both parties must submit proposed findings of fact and conclusions of law. Here, Plaintiff has not submitted proposed findings of fact and conclusions of law.  Defendant submitted proposed findings of fact, but no conclusions of law. (Doc. 39).  Both parties will be required to comply.

Based on the foregoing,

**IT IS ORDERED** that this will be a bench trial.

**IT IS FURTHER ORDERED** that the Court will use Doc. 38-1 as the parties' joint proposed final pretrial order in this case.

**IT IS FURTHER ORDERED** striking Doc. 39.

**IT IS FURTHER ORDERED** that each party must submit complete proposed findings of fact and conclusions of law by January 8, 2021.

**IT IS FURTHER ORDERED** continuing the Final Pretrial Conference in this case from January 27, 2021 to Wednesday, March 24, 2021 at 9:00 a.m.

---

[1]   "Rule 38(b) establishes an affirmative duty for a party to file a jury demand; the failure to file a demand constitutes a waiver of the right. Fed.R.Civ.P. 38(d). However, once one party files such a demand other parties are entitled to rely on that demand for the issues it covers, and need not file their own demands *Calnetics Corp. v. Volkswagen of America, Inc.,* 532 F.2d 674, 690 (9th Cir.), *cert. denied,* 429 U.S. 940 (1976)." *Fuller v. City of Oakland, Cal.*, 47 F.3d 1522, 1530–31 (9th Cir. 1995), *as amended* (Apr. 24, 1995).
   Here, Defendant disavows that he demanded a jury on these facts.  Plaintiff makes no affirmative claim that Defendant's answer should be interpreted as a jury demand, nor that Plaintiff so interpreted it and relied on it such that he failed to make his own demand. Thus, the Court concludes that on this record, neither party demanded a jury.

**IT IS FURTHER ORDERED** setting a bench trial to begin in this case on Wednesday, March 24, 2021 immediately following the conclusion of the final pretrial conference.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall arrange for Plaintiff's video conference appearance at the Final Pretrial Conference and Trial.[2] Plaintiff must be available by video conference for the entire day on March 24, 2021. Defendant's counsel and witnesses must appear in person.

**IT IS FURTHER ORDERED** that consistent with Local Rule Civil 7.2(g), any motions to reconsider this Order must be filed within 14 days.

Dated this 9th day of December, 2020.

_____
James A. Teilborg
Senior United States District Judge

---

[2] "Although due process prohibits the denial of access to the courts, a prisoner does not have a constitutional right to attend the jury trial of his civil rights claims involving the conditions of his confinement." *Thornton v. Snyder*, 428 F.3d 690, 697 (7th Cir. 2005); *see also Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985) ("A plaintiff in a civil suit who is confined in state prison at the time of a hearing has no absolute right to appear personally.").