**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Luis Tapia Fierro, | No. CV-19-03096-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Leon N Wilmot, | |
| Defendant. | |

Pending before the Court is Plaintiff's Request for Documents at Government's Expense (Doc. 59). For reasons that follow, the Court will deny the motion without prejudice.

## I.      BACKGROUND

Pursuant to 28 U.S.C. § 1915(a), the Court allowed the pro se Plaintiff to proceed in forma pauperis in this 42 U.S.C. § 1983 case. (Doc. 9). The case proceeded to a bench trial on March 24, 2021, and the Court entered judgment in favor of Defendant. (Docs. 47, 54, 55). Plaintiff now requests that the filings in this case and a transcript of the bench trial be provided to him free of charge pursuant to his in forma pauperis status. (Doc. 59). Because certain limitations apply to the provision of transcripts furnished at the government's expense, the Court must determine whether Plaintiff is entitled to the transcripts.

## II.     DISCUSSION

Congress addressed the issue of furnishing transcripts at public expense in 28 U.S.C.

§ 753(f). The statute provides that "[f]ees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f) (parenthetical in original). A request for a transcript at government expense should not be granted unless "the appeal [or suit] presents a substantial issue." *See Henderson v. United States*, 734 F.2d 483, 484 (9th Cir. 1984). The rule's purpose is to prevent the waste of taxpayer dollars on transcripts for use in baseless appeals. Therefore, the Court must determine whether Plaintiff's proposed appeal has some merit before it directs the government to pay for his transcripts.

The Plaintiff must articulate some ground for appeal that requires transcripts before the Court will subject the government to that expense. When proceeding in forma pauperis, transcripts cannot be provided merely to allow Plaintiff to search for grounds for relief. *See Bonner v. Henderson*, 517 F.2d 135, 135 (5th Cir. 1975) (*per curiam*). Instead, Plaintiff has the burden of demonstrating nonfrivolity and substantiality of the claims. *See Maloney v. E.I. Du Pont de Nemours & Co.*, 396 F.2d 939, 940 (D.C. Cir. 1967). Therefore, the Court must examine whether the proposed appeal is not frivolous (but presents a substantial question).

The language in § 753(f) suggests that the inquiries of frivolity and substantiality are not identical. *Corgain v. Miller* states that a claim is frivolous "if the petitioner can make no rational argument in law or facts to support his claim for relief." 708 F.2d 1241, 1247 (7th Cir. 1983). On the other hand, a "substantial" question is defined as "reasonably debatable." *Maloney*, 396 F.2d at 940 (citing *Ortiz v. Greyhound Corp.*, 192 F. Supp. 903, 905 (D. Md. 1959)). Regardless, the statute mandates that Plaintiff's reason for obtaining free transcripts be nonfrivolous and also present a substantial question. Therefore, the Court must determine whether the Plaintiff stated a nonfrivolous, substantial reason for obtaining the transcripts.

Plaintiff has failed to demonstrate that his proposed appeal is nonfrivolous or presents a substantial question. In his motion, Plaintiff failed to state what issues he

proposes to appeal. Thus, the Court is unable to determine from the face of the motion whether his reason for obtaining the transcripts is substantial and nonfrivolous. The Court therefore will deny the motion without prejudice to Plaintiff refiling to make the required showing that his appeal is nonfrivolous and presents a substantial question.

The same goes for Plaintiff's request for essentially every filing in this case. Plaintiff fails to explain why the documents he requests are necessary for any grounds for appeal. Accordingly, the Court will deny this request for documents as well.

**III.    CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Request for Documents at Government's Expense (Doc. 59) is **DENIED** without prejudice.

Dated this 19th day of July, 2021.

James A. Teilborg
Senior United States District Judge